# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS RENTAL & REPAIR LLC, SERIES 55,<br><br>　　Plaintiff,<br><br>v.<br><br>GEORGE ETTENSPERGER, *et al.*,<br><br>　　Defendants.<br><br>And Related Counterclaims | Case No. 2:15-cv-01703-LDG (PAL)<br><br>**ORDER** |

　　The plaintiff, Las Vegas Rental & Repair LLC, Series 55 (LVRR #55), moves for reconsideration of this Court's denial of its motion to remand (ECF No. 47). Defendant Federal National Mortgage Association (Fannie Mae) opposes the motion (ECF No. 49).

　　LVRR #55 filed this action in state court alleging claims for quiet title, declaratory relief, unjust enrichment, and injunctive relief. Fannie Mae removed the action. LVRR#55 moved to remand the matter, which motion Fannie Mae opposed. The Court denied the motion to remand, relying upon *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 683 (9th Cir. 2014) for the proposition that this Court has "federal question jurisdiction over claims brought by or against Fannie Mae."

The United States Supreme Court recently reversed the Ninth Circuit's decision in *Lightfoot*. *Lightfoot v. Cendent Mortg. Corp.*, __ U.S. __, 137 S.Ct. 553 (2017). The Supreme Court held:

> Fannie Mae's sue-and-be-sued clause is most naturally read not to grant federal courts subject-matter jurisdiction over all cases involving Fannie Mae. In authorizing Fannie Mae to sue and be sued 'in any court of competent jurisdiction, State or Federal,' it permits suit in any state or federal court already endowed with subject-matter jurisdiction over the suit.

*Id.*, at 561. LVRR #55 asks this Court to reconsider the denial of its motion to remand in light of the Supreme Court's reversal of the basis for which the Court denied its motion.

Fannie Mae concedes that its charter no longer provides an independent basis for federal subject matter jurisdiction over all claims brought against it, but argues that "the nature of [LVRR #55]'s claims provides federal question jurisdiction." More specifically, it argues that "there is federal question jurisdiction when a state-court plaintiff seeks a declaratory judgment against a defendant who otherwise would have been able to assert its own claim in federal court on the basis of federal question jurisdiction." While Fannie Mae concedes that it did not identify this independent basis for federal question jurisdiction in its removal petition, it asserts that this basis for jurisdiction existed at the time of removal, and does not depend on facts unknown to LVRR #55 at the time of removal. Fannie argues that it may amend its notice of removal "'to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.'" *Rodgers v. Travelers Prop. Cas. Co. of Am.*, No. 3:07-CV-0619-RAM, 2008 WL 3992801, at *3 (D. Nev. Aug. 22, 2008) *(quoting* C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 3733 at 358 (3d ed.1998)).

"[F]ederal courts, when determining declaratory judgment jurisdiction, often look to the 'character of the threatened action.' *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952). That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant' . . . 'would necessarily

present a federal question.'  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 19, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, __ U.S. __, 134 S.Ct. 843, 848 (2014).

The threshold question, however, is not merely whether Fannie Mae can now point to sufficient facts to establish federal question jurisdiction in this case.  Rather, the initial question this Court must address is whether Fannie Mae alleged sufficient facts in its petition for removal.  As explained by the Ninth Circuit:

> A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. See 28 U.S.C. § 1446(b). The Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir.1988). However, a defendant may amend the Notice of Removal after the thirty day window has closed to correct a "defective allegation of jurisdiction." *See* 28 U.S.C. § 1653; *see also* 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."). The rationale for permitting amendment to correct allegations of jurisdictional facts is that "[i]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings" for omitted jurisdictional facts. *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.1982).

*ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000).

Fannie Mae suggests that it "imperfectly" alleged that this Court has federal question jurisdiction over LVRR #55's suit for a declaratory judgment, because Fannie Mae's hypothetical coercive action would present a federal question.  The Court disagrees.  In its petition of removal, Fannie Mae's allegations relevant to federal question jurisdiction were directed exclusively to establishing that such jurisdiction was appropriate on the basis of its charter.  Fannie Mae does not point to any facts in its petition of removal supporting federal question jurisdiction first argued in opposing the motion to reconsider.  Rather, it merely argues that such facts "were discernable to Plaintiff at the time of removal."  Fannie Mae's

allegations in its petition of removal were not merely imperfect, but non-existent as to this new basis for federal question jurisdiction.  Accordingly,

    THE COURT **ORDERS** that Plaintiff  Las Vegas Rental & Repair LLC, Series 55's Motion for Reconsideration (ECF No. 47) is GRANTED;

    THE COURT FURTHER **ORDERS** that this matter is REMANDED to the Nevada State District Court.

    THE COURT FURTHER **ORDERS** that, for purposes of the administration of this Court's docket, the pending cross-motions for summary judgment (ECF Nos. 32, 38) are DENIED without prejudice.  The parties may renew their motions before the state court.

DATED this ____ day of March, 2017.

_____
Lloyd D. George
United States District Judge

4